UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHALID KHAN,<br><br>            Plaintiff,<br><br>     v.<br><br>U.S. BANK NATIONAL ASSOCIATION, et al.,<br><br>            Defendants. | No.  2:13-cv-2596 KJM CKD PS<br><br>FINDINGS AND RECOMMENDATIONS |

       Plaintiff is proceeding in this action pro se. In the complaint, plaintiff complains about an allegedly wrongful foreclosure. Plaintiff alleges only state law claims. The complaint does not allege a basis for subject matter jurisdiction in this court. The federal courts are courts of limited jurisdiction. In the absence of a basis for federal jurisdiction, plaintiff's claims cannot proceed in this venue. Because there is no basis for federal subject matter jurisdiction evident in the complaint, plaintiff was ordered to show cause why this action should not be dismissed. Plaintiff has filed a response in which he alleges jurisdiction is proper under 42 U.S.C. § 1983. Upon review of plaintiff's response to the order to show cause, it appears this court lacks subject matter jurisdiction under both 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1332 (diversity).

       To the extent plaintiff alleges federal question jurisdiction is proper because plaintiff pleads a violation of his civil rights, such a claim cannot lie in that defendants do not appear to be

1

1  state actors.  The Civil Rights Act provides as follows:

2
3
4
> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

5  42 U.S.C. § 1983.  To state a claim under section 1983, a plaintiff must allege that: (1) defendant

6  was acting under color of state law at the time the complained of act was committed; and (2)

7  defendant's conduct deprived plaintiff of rights, privileges or immunities secured by the

8  Constitution or laws of the United States.  42 U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48

9  (1988).  Here, plaintiff alleges that the defendants are banking associations and their subsidiaries

10 which wrongfully foreclosed on plaintiff's property.  There is no allegation of conduct by any

11 defendant that can be fairly characterized as state action.

12        With respect to diversity jurisdiction, plaintiff alleges defendant U.S. Bank N.A. has its

13 principal place of business in the State of California.  Plaintiff is a resident of the State of

14 California.  Under these circumstances, diversity jurisdiction is lacking.

15        From the allegations of the complaint, the court cannot discern any proper basis for

16 subject matter jurisdiction.  Plaintiff has been afforded an opportunity to show this court has

17 subject matter jurisdiction and has failed to establish a proper basis.

18        Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for lack of

19 subject matter jurisdiction.

20        These findings and recommendations are submitted to the United States District Judge

21 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

22 after being served with these findings and recommendations, any party may file written

23 objections with the court and serve a copy on all parties.  Such a document should be captioned

24 ////

25 ////

26 ////

27 ////

28 ////

1  "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections
2  within the specified time may waive the right to appeal the District Court's order. <u>Martinez v.</u>
3  <u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

4  Dated: January 6, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 khan-usbank2596.nosmj.57