UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHALID N. KHAN,<br><br>          Plaintiff,<br><br>     v.<br><br>U.S. BANK NATIONAL ASSOCIATION AS BENEFICIARY, et al.,<br><br>          Defendants. | No.  2:13-CV-02596-KJM-CKD<br><br><br>ORDER |

    Plaintiff Khalid N. Khan moves for reconsideration of this court's order adopting the magistrate judge's findings and recommendations and dismissing the action for lack of subject-matter jurisdiction. Pl.'s Mot. Recons. at 1–2, ECF No. 16.  For the reasons below, the court GRANTS the motion and REINSTATES the action.

I.  BACKGROUND

    In December 2013, plaintiff, *pro se*, filed suit against defendants U.S. Bank National Association, T.D. Service Company, S.A. Challenger and several Doe defendants, alleging seventeen state-law claims.  Compl. ¶¶ 1–27, ECF No. 1.  Thereafter, the magistrate judge issued an order to show cause, directing plaintiff to explain why the action need not be dismissed for lack of subject-matter jurisdiction.  Order to Show Cause at 1–2, ECF No. 4. Plaintiff complied with the order and amended his complaint to incorporate various federal-law claims.  Pl.'s Response to Order to Show Cause at 2, ECF No. 5.  Nonetheless, finding neither

1

federal question nor diversity jurisdiction properly exercised, the magistrate judge recommended dismissal. Findings & Recommendations ("F&R") at 1, ECF No. 7. Plaintiff filed objections, following review of which the court adopted the findings and recommendations in full. Order at 2, ECF No. 14. Plaintiff then brought the instant motion.

II.	STANDARD

"As long as a district court has jurisdiction over [a] case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (emphasis, citations and internal quotation marks omitted). "[J]urisdiction is transferred from a district court to a court of appeals upon the filing of a notice of appeal," *id.* (citations omitted), and "the trial court thereafter has no power to modify its judgment in the case or proceed further except by leave of the Court of Appeals," *Visioneering Constr. & Dev. Co. v. U.S. Fid. & Guar.*, 661 F.2d 119, 124 n.6 (9th Cir. 1981) (citations omitted). Here, although judgment was entered and the case closed on April 1, 2014, no notice of appeal has been filed. The court may thus reconsider its previous ruling. *See City of L.A., Harbor Div.*, 254 F.3d at 885; *Visioneering Constr. & Dev. Co.*, 661 F.2d at 124 n.6.

A motion for reconsideration is properly granted where "the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citing *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). Clear error occurs where "the reviewing court . . . is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

III.	ANALYSIS

On April 1, 2014, the court adopted the magistrate judge's findings and recommendations in full, thereby dismissing the action for lack of subject-matter jurisdiction. Order at 1–2. In the findings and recommendations, the magistrate judge recommended dismissal because plaintiff had not established either federal question or diversity jurisdiction.

1  F&R at 1–2.  She found there was no federal question because "no allegation of conduct by any
2  defendant . . . [could] be fairly characterized as state action," while there was no diversity
3  because plaintiff, a California resident, alleged that defendant U.S. Bank N.A.'s principal place
4  of business was also California.  *Id.* at 2.

5  On March 27, 2014, days before the court's order adopting the magistrate
6  judge's findings and recommendations issued, the Ninth Circuit published its opinion in *Rouse*
7  *v. Wachovia Mortgage*, 747 F.3d 707, 708 (9th Cir. 2014).  There, the court held that "a
8  national bank is a citizen only of the state in which its main office is located."  *Id.* at 709 (citing
9  28 U.S.C. § 1348).  A bank's main office, which must be "designated in [its] articles of
10 association," *id.*, is the "'place where its operations of discount and deposit are to be carried
11 on,'" *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 n.1 (2006) (quoting 12 U.S.C. § 22).

12 Having considered defendant U.S. Bank N.A.'s principal place of business for
13 citizenship purposes, in light of *Rouse*, 747 F.3d at 709, the court "is left with the definite and
14 firm conviction that a mistake has been committed," *Anderson*, 470 U.S. at 573.  U.S. Bank
15 N.A. is a national banking association, and the Ninth Circuit's directive is clear: "a national
16 bank is a citizen only of the state in which its main office is located."  *Rouse*, 747 F.3d at 709.
17 That U.S. Bank N.A. might have its principal place of business in California is, therefore,
18 irrelevant to the diversity analysis.  In relying on this basis to find diversity jurisdiction to be
19 lacking, the court committed clear error.  Plaintiff's motion to reconsider is granted.

20 On the same basis, the court vacates its adoption of the magistrate judge's
21 findings and recommendations insofar as it finds diversity jurisdiction to be lacking.  Defendant
22 U.S. Bank N.A. is directed to file its articles of association with the court within seven days of
23 the date of this order, and the reinstated action is referred back to the magistrate judge for
24 further proceedings.  These proceedings may, in the magistrate judge's discretion, take account
25 of the documents filed with plaintiff's objections to the prior findings and recommendations.
26 /////
27 /////
28 /////

IV.     CONCLUSION

      As set forth above, the court GRANTS the motion to reconsider.  The action is REINSTATED and REFERRED to the magistrate judge for further proceedings consistent with this order.

      IT IS SO ORDERED.

DATED: June 5, 2014.

_____
UNITED STATES DISTRICT JUDGE