UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KHALID KHAN,

        Plaintiff,

    v.

U. S. BANK NATIONAL ASSOCIATION, et al.,

        Defendants.

No. 2:13-cv-2596 KJM CKD PS

FINDINGS AND RECOMMENDATIONS

      By order filed June 5, 2014, this matter was reopened and referred to the undersigned for further proceedings. This matter is proceeding on the first amended complaint filed on February 10, 2014. In the amended complaint, plaintiff complains about an allegedly wrongful foreclosure. Plaintiff alleges only state law claims. The amended complaint does not allege a basis for subject matter jurisdiction in this court. The federal courts are courts of limited jurisdiction. In the absence of a basis for federal jurisdiction, plaintiff's claims cannot proceed in this venue.

      Because plaintiff is proceeding on only state law claims, it appears that the only proper basis for jurisdiction would sound in diversity. Named in the amended complaint are three defendants. Although it appears from the articles of incorporation filed on June 12, 2014 (ECF No. 21) that defendant U.S. Bank National Association may be diverse, the amended complaint is devoid of allegations regarding the citizenship of any of the defendants. In order to properly

1

1  invoke subject matter jurisdiction under 28 U.S.C. § 1332, the citizenship of all defendants must
2  be diverse from the citizenship of plaintiff and the matter in controversy must exceed the sum or
3  value of $75,000.  Plaintiff pleads neither requirement.  Because no basis for federal subject
4  matter jurisdiction was evident in the amended complaint, plaintiff was ordered to show cause
5  why this action should not be dismissed and cautioned that failure to allege a proper basis for
6  subject matter jurisdiction would result in a recommendation that the action be dismissed.

7      On July 1, 2014, plaintiff filed a response to the order to show cause in which he asserted
8  that defendant S.A. Challenger, Inc. is a Minnesota Corporation.  Plaintiff did not address the
9  citizenship of the remaining named defendant, T.D. Service Company.  Without leave of court,
10 and in violation of Federal Rule of Civil Procedure 15, plaintiff filed a second amended
11 complaint.  Although the caption of the second amended complaint omits defendant T.D. Service
12 Company, the second amended complaint refers to this entity as a defendant and alleges it is a co-
13 conspirator with the remaining defendants.  The court takes judicial notice of the records of the
14 California Secretary of State, which indicate T.D. Service Company, entity number C0477530, is
15 registered as an active California corporation, with the entity address the same as listed in the
16 exhibits to plaintiff's original complaint.  See ECF No. 1 at p. 21.  It is apparent from the
17 allegations of the second amended complaint that plaintiff has simply omitted the non-diverse
18 defendant from the caption as a ploy to invoke diversity jurisdiction but intends to proceed on
19 claims against this non-diverse defendant.

20     Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for lack of
21 subject matter jurisdiction.

22     These findings and recommendations are submitted to the United States District Judge
23 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
24 after being served with these findings and recommendations, any party may file written
25 objections with the court and serve a copy on all parties.  Such a document should be captioned
26 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
27 /////
28 /////

within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 7, 2014

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 khan-usbank2596.3.nosmj.57

3