UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHALID KHAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>U.S. BANK NATIONAL ASSOCIATION, et al.,<br><br>　　　　　Defendants. | No.  2:13-cv-2596 KJM CKD PS<br><br><br>ORDER |

　　　　　This matter was referred to a United States Magistrate Judge under Local Rule 302(c)(21).

　　　　　On July 8, 2014, the magistrate judge filed findings and recommendations recommending dismissal of the action for lack of subject matter jurisdiction.  On November 20, 2014, the magistrate judge filed a second set of findings and recommendations recommending that this action be dismissed for lack of prosecution.  Both sets of findings and recommendations were served on plaintiff and contained notice that any objections should be filed within fourteen days.  Plaintiff has timely filed objections to both sets of findings and recommendations.

　　　　　In accordance with the provisions of 28 U.S.C. §  636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the court declines to adopt either recommendation.

/////

1

The first recommendation is based on plaintiff's failure to plead in the first amended complaint, ECF No. 9, two prerequisites to invocation of diversity jurisdiction: (1) that the citizenship of all defendants is diverse from plaintiff's citizenship; and (2) that the matter in controversy exceeds the sum or value of $75,000. The magistrate judge also finds that plaintiff's second amended complaint, ECF No. 24, was filed without leave of court and that "it is apparent from the allegations of the second amended complaint that plaintiff has simply omitted the non-diverse defendant [T.D. Service Company] from the caption as a ploy to invoke diversity jurisdiction but intends to proceed on claims against this non-diverse defendant." ECF No. 25 at 2.

In his objections to this set of findings and recommendations plaintiff makes it clear that he wants to proceed with this action solely against defendant U.S. Bank National Association, as beneficiary, also known as U.S. Bank.com, N.A., and against defendant S.A. Challenger, Inc., and he requests leave to amend his complaint. Both U.S. Bank National Association and S.A. Challenger, Inc. are Minnesota corporations and their citizenship is completely diverse from the citizenship of plaintiff, who is a California resident. While the second amended complaint contains allegations referring to T.D. Service Company as a defendant, this is a defect that may be cured by amendment by permitting plaintiff to file a third amended complaint that omits all references to T.D. Service Company as a defendant, both in the caption and in the body of the third amended complaint.[1] In addition, the court is unable to determine at this stage of these proceedings that plaintiff's failure to allege that the amount in controversy exceeds the sum or value of $75,000 cannot be cured by amendment. In his objections to the second set of findings and recommendations plaintiff avers that his interest in the property at issue is more than $500,000, suggesting amendment is possible. *See* ECF No. 29 at 3. Accordingly, for these reasons, the court declines to dismiss this action for lack of subject matter jurisdiction and will grant plaintiff leave to file a third amended complaint.

---

[1] The court makes no findings at this stage of these proceedings whether T.S. Service Company is a necessary party to this action. *See* Fed. R. Civ. P. 19(a).

1         The second recommendation is based on plaintiff's failure to serve process within
2 120 days as required by Federal Rule of Civil Procedure 4(m) and the magistrate judge's June 11,
3 2014 order, ECF No. 18, as well as plaintiff's failure to appear at a status conference set in that
4 order. Based on the latter failure, the magistrate judge assumes plaintiff has abandoned this
5 action. ECF No. 28 at 2. While plaintiff was properly served with notice of the status
6 conference,[2] it is at this point apparent plaintiff has not abandoned this action.

7         With respect to plaintiff's failure to serve the first amended complaint within 120
8 days, the record shows that one week after the June 11, 2014 order directing issuance of summons
9 and ordering service of the first amended complaint, the magistrate judge issued an order to show
10 cause why this action should not be dismissed for lack of subject matter jurisdiction, ECF No. 18,
11 and twenty days thereafter issued the July 8, 2014 findings and recommendations finding both the
12 first and the second amended complaint insufficient to establish diversity jurisdiction and
13 recommending dismissal for lack of subject matter jurisdiction. Under these circumstances, the
14 court will not dismiss this action based on Federal Rule of Civil Procedure 4(m). Instead, for the
15 reasons set forth in this order plaintiff will be given an opportunity to file a third amended
16 complaint. If that third amended complaint is sufficient to invoke the subject matter jurisdiction
17 of this court, the time for service of process under Federal Rule of Civil Procedure 4(m) will run
18 from the date that determination is made by the magistrate judge or by this court.

19         Plaintiff requests reassignment of this action to a new magistrate judge. That
20 request is denied as there is nothing in the record to suggest bias on the part of the assigned
21 magistrate judge.

---

[2] In his objections, plaintiff states that he was never notified of the status conference. ECF No. 29 at 5. The record reflects that a copy of the June 11, 2014 order was served on plaintiff at his address of record, which at that time was 1132 Sonoma Street, Sacramento, California 95815. *See* ECF Nos. 11, 18. Such service constitutes adequate notice of the status conference. *See* Local Rule 182(f). Plaintiff is cautioned that sanctions, including but not limited to dismissal of this action, may be imposed for failure to comply with any court order. *See* Local Rule 110. The court also notes that plaintiff has put 132 Sonoma Street, Sacramento, California 95815 as his address on some pleadings filed with the court, including his November 26, 2014 objections. *See* ECF No. 29. It is plaintiff's responsibility to keep the court informed of his current address. *See* Local Rule 182(f).

In accordance with the above, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed July 8, 2014 are not adopted;

2. The findings and recommendations filed November 20, 2014 are not adopted;

3. Plaintiff is granted twenty days from the date of this order in which to file a third amended complaint in accordance with this order; and

4. This matter is referred back to the assigned magistrate judge for further proceedings.

DATED:  March 23, 2015.

_____
UNITED STATES DISTRICT JUDGE