UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHALID N. KHAN,<br><br>    Plaintiff,<br><br>    v.<br><br>U.S. BANK NATIONAL ASSOCIATION, et al.,<br><br>    Defendants. | No. 2:13-cv-2596 KJM CKD PS<br><br>FINDINGS AND RECOMMENDATIONS |

This matter has been referred to the undersigned pursuant to Local Rule 302(c). Upon review of the docket, THE COURT FINDS AS FOLLOWS:

In this action, plaintiff alleges claims arising out of the foreclosure of a property located at 611 16th Street in Sacramento, California. Plaintiff alleges he entered into a consumer loan transaction for the property in the amount of $430,000 and that in March, 2013, defendants wrongfully failed to credit his account for payments made. Plaintiff alleges that defendants wrongfully foreclosed on the property on September 27, 2013.

This action was commenced on December 16, 2013. At that time, plaintiff had a pending bankruptcy proceeding.[1] The bankruptcy proceeding was commenced on June 24, 2013. In re:

---

[1] The court takes judicial notice of the proceedings in in re: <u>Khalid N. Khan, Debtor</u>, case no. 13-28431-C-13C, United States Bankruptcy Court (E.D. Cal.)

1  Khan, ECF No. 1.  At no time during the pendency of the bankruptcy proceedings did plaintiff,
2  who was represented by counsel in the bankruptcy proceedings, list on any schedule the claims
3  raised in the instant action.  In re: Khan, ECF No. 11 (Schedule B, filed July 9, 2013, item 21
4  requiring debtor to list "all contingent or unliquidated claims of every nature, including tax
5  refunds, counterclaims of the debtor, and rights to setoff claims" indicated "none"); ECF No. 67
6  (amended Schedule B, filed October 1, 2013, same).  The bankruptcy case closed on January 31,
7  2014 with a discharge of debts in the amount of $647,969.35, including the amount of the
8  mortgage which is the subject of the instant action.  In re Khan, Chapter 7 Trustee's Report of No
9  Distribution, ECF No. 96 (Order Approving Final Report and Discharging Trustee), ECF No. 99
10  (Final Decree).

11         The filing of a bankruptcy petition creates an estate, which includes "'all legal and
12  equitable interests of the debtor in property at the commencement of the case,'" including any
13  causes of action.  Cusano v. Klein, 264 F.3d 936, 945 (9th Cir. 2001) (quoting 11 U.S.C. §
14  541(a)). The estate includes any causes of action that arise in the period between the filing of the
15  petition and the final discharge.  See In re Kottmeier, 240 B.R. 440, 442 (M.D. Fla. 1999); see
16  also Vertkin v. Wells Fargo Home Mortgage, 2010 WL 3619798 at *2 (N.D. Cal. 2010) (if asset
17  comes into being after petition filed, effect of failure to file amended schedule listing asset
18  precludes debtor from later claiming it has been abandoned by trustee in favor of debtor).
19  Because the bankruptcy trustee has the exclusive right to sue on behalf of the estate, the debtor
20  loses the capacity to sue in his own name unless the trustee abandons the claim.  See Estate of
21  Spirtos v. One San Bernardino County Superior Court Case, 443 F.3d 1172, 1175 (9th Cir. 2006);
22  see also Lane v. Vitek Real Estate Industries, 713 F.Supp.2d 1092, 1097 (E.D. Cal. 2010).
23  Although a trustee may abandon "worthless or low-value assets, including legal claims," there is
24  no abandonment without an affirmative act.  See Biesek v. Soo Line Railroad Company, 440 F.3d
25  410, 413 (7th Cir.2006); Anokhin v. BAC Home Loan Servicing, LP, 2010 WL 3294367, at *2
26  (E.D. Cal. 2010).  Assets that are neither abandoned nor administered remain the property of the
27  estate even after the case is closed.  See In re Lopez, 283 B.R. 22, 28 (9th Cir. BAP 2002); see
28  /////

also In re Pace, 146 B.R. 562, 564–66 (9th Cir. BAP 1992), (unscheduled property remains in estate after case is closed).

In this case, plaintiff never scheduled the claims raised in the instant action in his bankruptcy proceedings. As such, the claims remain the property of the estate unless abandoned by the trustee. Because there has been no affirmative abandonment, plaintiff lacks standing to proceed in this action.[2]

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for plaintiff's lack of standing.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 24, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 khan.bk

---

[2] Moreover, even if the claims raised herein are abandoned, it appears plaintiff may be judicially estopped from bringing this action. See generally Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782-85 (9th Cir. 2001); Gonzalez v. County of Yolo, 2014 WL 5115059 (E.D. Cal. 2014).

3