UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHALID KHAN, | No. 2:13-cv-2596-KJM-CKD PS |
| Plaintiff, | |
| v. | ORDER |
| U.S. BANK NATIONAL ASSOCIATION, et al., | |
| Defendants. | |

This matter is before the court on plaintiff Khalid Khan's motion for reconsideration of judgment, ECF No. 40, and order adopting findings and recommendations from August 18, 2015, ECF No. 39. ECF No. 41. For reasons explained below, the motion is DENIED.

The August 2015 findings and recommendations found that plaintiff remains without standing as stated in the prior March 25, 2015 findings and recommendations, and recommended the Third Amended Complaint be dismissed and this action be closed. ECF No. 37. In the March 2015 findings and recommendations, the magistrate judge found that plaintiff lacked standing to proceed in this matter, because plaintiff had been in bankruptcy proceedings. "Because the bankruptcy trustee has the exclusive right to sue on behalf of the estate, the debtor," plaintiff had lost "the capacity to sue in his own name unless the trustee abandons the claim."

1

1    ECF No. 31 at 2.  For a trustee to abandon a claim, he must do so with an affirmative act.  *See id.*
2    Here, there was no affirmative abandonment.  *Id.* at 3.  Between the issuance and adoption of the
3    March 2015 findings and recommendations, plaintiff filed the Third Amended Complaint on
4    April 13, 2015.  The court adopted in full the March 2015 findings and recommendations, but
5    referred the matter back to the magistrate judge for further proceedings in light of the Third
6    Amended Complaint.  ECF No. 36.  As noted above, the magistrate judge then issued the August
7    2015 findings and recommendations, finding that the Third Amended Complaint "alleges no
8    claims that are not barred by plaintiff's lack of standing."  ECF No. 37 at 1.  On May 17, 2016,
9    the court adopted these findings and recommendations, dismissed the Third Amended Complaint,
10   and closed the case.  ECF No. 39.  Subsequently, plaintiff filed the instant motion for
11   reconsideration on June 2, 2016.

12          A motion for reconsideration filed after ten days from the entry of final judgment
13   is treated as a motion under Rule 60(b).  *See San Luis & Delta Mendota Water Authority v. U.S.*
14   *Dept. of the Interior*, 624 F. Supp. 2d 1197, 1207 (E.D. Cal. 2009).  Rule 60(b) "provides for
15   reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly
16   discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or
17   (6) extraordinary circumstances' which would justify relief."  *Fuller v. M.G. Jewelry*, 950 F.2d
18   1437, 1442 (9th Cir. 1991).  A decision under Rule 60(b) is consigned to the court's discretion.
19   *See Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1100 (9th Cir. 2006).

20          Here, the motion for reconsideration was filed more than ten days from the entry
21   of the final judgment.  Therefore, the court construes it as brought under Rule 60(b).  Plaintiff's
22   motion argues merely that this court has jurisdiction over the matter under 28 U.S.C. § 1332.
23   ECF No. 41 at 2.  Plaintiff contends that the court "made [an] error of [j]udgment and error of law
24   in contradiction to [f]ederal [c]ourt jurisdiction" under 28 U.S.C. § 1332.  *Id.* at 5.  Plaintiff's
25   arguments do not address the reasons the court has found a lack of standing here, namely that he
26   was in bankruptcy proceedings.  Those proceedings ultimately "closed on January 31, 2014 with
27   a discharge of debts in the amount of $647,969.35, including the amount of the mortgage which is
28   the subject of the instant action."  ECF No. 31 at 2.  The Third Amended Complaint provides no

1  allegations to undermine that finding.  Plaintiff has not shown any mistake, surprise, or excusable
2  neglect with respect to dismissal of the Third Amended Complaint and the closing of this case
3  based on his lack of standing.  Plaintiff also does not argue the existence of any newly discovered
4  evidence, fraud, void judgment, satisfied or discharged judgment, or other "extraordinary
5  circumstances."  *See Full*, 950 F.2d at 1442.
6          Accordingly, plaintiff's motion for reconsideration under Rule 60(b) is DENIED.
7          IT IS SO ORDERED.
8  DATED:  June 21, 2016.

                              UNITED STATES DISTRICT JUDGE

3